Foster, P. J.
We are asked, by this appeal, to determine as a matter of law whether a disqualification to receive unemployment insurance benefits, imposed upon a claimant for failure to accept an offer of suitable employment, pursuant to subdivision 2 of section 593 of the Unemployment Insurance Law (Labor Law, art. 18), is lifted as of the date claimant accepts temporary employment.
The facts are undisputed. Claimant, a clerk and lamp mounter, filed for benefits as of October 5, 1948. He had been working for an importing firm, and terminated this employment himself on October 1,1948, so that he might enter an electronics school. His entrance to the school was deferred, and thereupon he applied for unemployment insurance benefits. Following this application, and on October 22, 1948, the State employment office procured an offer from claimant’s former employer to take him back on full-time employment. This offer claimant refused to accept, and he was then ruled ineligible to receive benefits on the ground of his refusal to accept suitable employment. On December 16, 1948, he took temporary employment in a post office during the Christmas season. At the end of eight days this work was ended, and claimant again applied for benefits. By an initial determination made December 28, 1948, the Industrial Commissioner denied this application on the ground that claimant’s disqualification was not lifted by his subsequent acceptance of employment known to be temporary. The Referee found that claimant had been correctly disqualified on account of his refusal to accept work, but held that such disqualification was terminated by claimant’s acceptance of bona fide employment, even though the same was known to be temporary. The Unemployment Insurance Appeal Board *419 affirmed the decision of the Referee, and from its affirmance the Industrial Commissioner has appealed.
We think the Industrial Commissioner’s administrative interpretation was correct. The statute (§ 593, subd. 2) provides in part that “No benefits shall be payable to any claimant who without good cause refuses to accept an offer of employment for which he is reasonably fitted by training and experience ”. It does not provide a stated disqualification period, so in determining when such period has terminated the facts must be examined against the background of legislative policy. The law was enacted for the benefit of persons unemployed through no fault of their own. It was not intended to confer benefits on every person out of employment. Therefore, the test to be applied in this case is whether claimant, on December 28, 1948, was unemployed because of his previous refusal to accept suitable employment, or whether he was unemployed because his temporary Christmas work had ceased. The answer appears obvious to us. If he had accepted the offer of his former employer for aught that appears he would still have been employed on December 28th. His acceptance of temporary employment, which he knew would cease in a few days, does not alter the fact that primarily he remained unemployed through his own fault. Moreover it does not appear to be consistent with the purposes of the statute to permit a person to nullify a concededly correct disqualification by the device of accepting work known to be temporary in nature. This reasoning would not apply of course to the acceptance of work which appeared to be permanent in character. We find no reasonable basis in law to sustain the appeal board’s reversal of the commissioner’s administrative determination.
The decision of the Unemployment Insurance Appeal Board should be reversed on the law and the initial determination of the Industrial Commissioner reinstated.
Heffebxax, Bbewsteb, Beegax and Coox, JJ., concur.
Decision of the Unemployment Insurance Appeal Board reversed on the law, and the initial determination of the Industrial Commissioner reinstated, without costs.